IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER J. THOMAS, AIS 332796, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:23-CV-537-MHT-CSC ) |
| CAPTAIN THOMAS, et al., | ) ) |
| Defendants. | ) ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, filed this case on September 12, 2023. Plaintiff filed an affidavit in support of a Motion for Leave to Proceed In Forma Pauperis. Doc. 2. The motion, however, did not include the required documentation from the inmate account clerk. The Court, therefore, did not have the information necessary to determine whether Plaintiff should be allowed to proceed in forma pauperis in this case and entered an Order on September 28, 2023, requiring Plaintiff to provide the Court with this information by October 12, 2023. Doc. 5. The Court informed Plaintiff that his failure to comply with the September 28 Order would result in a Recommendation this case be dismissed. *Id.* To date, Plaintiff has not filed the required documentation or otherwise complied with the Order of September 28, 2023.

Because of Plaintiff's failure to comply with the Court's order, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is

generally not an abuse of discretion where litigant has been forewarned). The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102.

For the above reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that by **November 14, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon

2

grounds of plain error or manifest injustice. 11TH Cir. R. 3–1. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, this 31st day of October 2023.

                                       /s/   Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE